U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 2 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORLANDO T. JORDAN, 1313177, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-0063-L |
| | ) | (Consolidated with |
| RICK THALER, Director, Texas | ) | No. 3:11-CV-1710-L) |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner challenges his two convictions for failure to stop and render aid, and murder. *State of Texas v. Orlando T. Jordan*, Nos. F-0448339-KI and F-0448253-KI (2nd Crim. Dist. Ct., Dallas County, Tex., May 17, 2005). Petitioner was sentenced to forty years confinement on each conviction, to run concurrently. On August 16, 2007, the Eighth District Court of Appeals affirmed the convictions and sentences. *Jordan v. State*, Nos. 08-05-00251-CR and 08-05-00252-CR (Tex. App. – El Paso 2007, no pet.). Petitioner did not file a petition for discretionary review ("PDR").

On August 11, 2008, Petitioner filed state habeas applications challenging each conviction. *Ex parte Jordan*, Application Nos. 71,157-02 and -03. On January 13, 2010, the

Texas Court of Criminal Appeals denied the applications without written order.

On January 10, 2011, Petitioner filed this federal petition.[1] He argues:

(1) he received ineffective assistance of counsel when counsel failed to conduct a thorough pre-trial investigation and failed to file a motion to quash the indictment;

(2) he received ineffective assistance of appellate counsel when counsel failed to argue the evidence was insufficient to prove the second enhancement paragraph;

(4) his sentence is illegal because the second enhancement paragraph is based on a state jail felony.

On June 6, 2011, Respondent filed his answer arguing the petition is time-barred. On August 10, 2011, Petitioner filed his traverse. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

---

[1] In his June 14, 2011, correspondence, Petitioner stated he mailed a federal habeas petition to the Court on January 6, 2011, rather than January 10, 2011. Regardless of which date the Court uses, the petitions are barred by the statute of limitations.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

On August 16, 2007, the Eighth District Court of Appeals affirmed Petitioner's convictions and sentences. Petitioner did not file a PDR. His convictions therefore became final thirty days later, on September 15, 2007. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until September 15, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On August 11, 2008, Petitioner filed two state petitions for writ of habeas

---

[2]The statute provides that the limitations period shall run from the latest of--

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

corpus. These petitions tolled the limitations period until January 13, 2010, when the Court of Criminal Appeals denied the petitions. At the time Petitioner filed his state habeas petitions, he had thirty-five days remaining on the AEDPA limitations period. When thirty-five days are added to January 13, 2010, the new AEDPA limitations date became February 17, 2010.

Petitioner was required to file his federal petitions by February 17, 2010. He did not file his petitions until January 10, 2011. His petitions are therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he is actually innocent. Claims of actual innocence, however, do not support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 2 day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).