IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ORLANDO T. JORDAN, 1313177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:11-CV-00063-L-BF** |
| | § | (Consolidated with No. 3:11-CV-1710-L) |
| **RICK THALER, Director** | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Orlando T. Jordan's ("Jordan" or "Petitioner") Petitions for Writ of Habeas Corpus, filed on January 10, 2011, and July 17, 2011, pursuant to 28 U.S.C. § 2254. The cases were consolidated and referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 2, 2013.

The magistrate judge recommended that both of Jordan's habeas petitions be denied and the action dismissed with prejudice as barred by limitations. The magistrate judge further determined that Jordan's claim of innocence did not entitle him to equitable tolling because he failed to show rare and exceptional circumstances that justified equitable tolling in this case. Jordan's deadline to file objections was extended to February 13, 2013. Jordan filed his objections on February 12, 2013, and those objections were received by the court on February 15, 2013. Jordan contends in his

**Memorandum Opinion and Order – Page 1**

objections that his assertion of innocence constitutes a rare and exceptional circumstance justifying equitable tolling and that he diligently pursued his claim of actual innocence.[1] The court disagrees.

"The one-year statute of limitations is subject to equitable tolling, but only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (internal quotation marks and citation omitted). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id*. at 171 (internal quotation marks and citation omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner has the burden of establishing that he is entitled to equitable tolling by showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotation omitted). *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In determining whether the petitioner has satisfied his burden in this regard, the court considers the facts and circumstances of the case. *Id.*

Jordan contends that he made a reasonable attempt to exercise due diligence in pursuing his claim of actual innocence by requesting an evidentiary hearing, which was denied by the trial court and Texas Court of Criminal Appeals. He also contends that he sent a letter on November 19, 2009, to the Court of Criminal Appeals, complaining that the trial court had ignored the Court of Criminal Appeals' February 29, 2009 order, which remanded the case to the trial court for determination of

---

[1] Jordan also notes a discrepancy in the Report as to whether the Court of Criminal Appeals' denial of Jordan's applications on January 13, 2010, was with or without written order; however, this does not affect the court's determination that Jordan's habeas petitions should be denied.

**Memorandum Opinion and Order – Page 2**

additional facts and required that a supplemental record be forwarded to the Court of Criminal Appeals by June 15, 2009. According to a July 28, 2009 letter from the clerk of the Court of Criminal Appeals to the trial court, the supplemental record had yet not been received. The clerk therefore requested that the supplemental record be forwarded immediately. That supplemental record was presumably received by the Court of Criminal Appeals Order shortly thereafter because, on January 13, 2010, the Court of Criminal Appeals entered an order, based on the supplemental record, rejecting Jordan's contention that his sentence was illegal because the offenses used to enhance his punishment were state jail offenses. Even if the state jail offenses could not be used for enhancement purposes, the Court of Criminal Appeals concluded that Jordan had several prior second degree felony convictions that could have been used to enhance his punishment.

Jordan's deadline to file his federal petitions was February 17, 2010. Jordan, however, did not file his federal habeas petitions until January 10, 2011, and July 17, 2011, well after the deadlines. Jordan fails to provide any explanation as to why the alleged denial of a hearing, presumably in 2009, and the trial court clerk's delay in preparing the supplemental appellate record in June 2009 affected his ability to file his federal habeas petitions by February 17, 2010. More importantly, he fails to explain the nearly one-year delay between February 17, 2010, and January 10, 2011, and the one year and four months delay between February 17, 2010, and July 17, 2011. Accordingly, the facts and circumstances of this case do not support equitable tolling. The court further concludes that Jordan's "claim" of actual innocence does not constitute a rare and exceptional circumstance because he has not made the requisite "showing" of actual innocence. *Felder*, 204 F.3d at 171 and n.8. The court therefore **overrules** Jordan's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, **denies** Jordan's Petitions for Writ of Habeas Corpus, and **dismisses** this action **with prejudice** as barred by applicable statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 19th day of February, 2013.

                                              Sam A. Lindsay
                                              United States District Judge